UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:19 CR 80 CDP |
| ) | |
| DARRELL FISHER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Darrell Fisher's Motion to Suppress evidence and statements obtained by law enforcement on January 22, 2019. Pursuant to 28 U.S.C. § 636(b), all pretrial motions were referred to United States Magistrate Shirley Padmore Mensah, who held an evidentiary hearing. After Judge Mensah recommended that the motion to suppress be denied, defendant filed timely objections and the U.S. Attorney filed a timely response to those objections. I have conducted *de novo* review of the motion to suppress, including reviewing the motion, objections and briefs, reading the transcript of the hearing before Judge Mensah and reviewing all exhibits presented by the parties. After fully considering the parties' briefs, the facts and the law, I conclude that the

motion to suppress should be denied. Over the objections of the defendant, I will adopt the Report and Recommendation of Judge Mensah.

## **Discussion**

The evidence presented to Judge Mensah showed that the law enforcement officers' initial encounter with defendant was not threatening or coercive, that he was not in custody and in fact was allowed to continue his errand at the post office and to drive alone in his own vehicle to return to the house. Defendant invited the officers into the entryway of the house and was allowed to go alone to another area of the house to summon his fiance. Both defendant and his fiance then consented to the officers' request to search their house for his fiance's son who was wanted for a crime. Their consents were knowing and voluntary and were not the result of any coercion or improper influence. During the search for the suspect, the officers observed firearms in plain view. The search they conducted at that time did not exceed the scope of the consent that had been given. The search warrant the police later obtained was based on probable cause, and there were no violations of defendant's rights by any of the searches or seizures.[1] The defendant's statements to the officers were voluntary and not a result of any

---

[1] At the evidentiary hearing the government stated that it did not intend to offer any evidence seized from Fisher's person, car or cell phone.

coercion; additionally, his statements at the police station were made voluntarily after full *Miranda* warnings.

I have carefully studied the transcript and evidence to consider defendant's arguments that the officers' testimony conflicts in various respects, and I conclude that the conflicts were in fact minor and do not detract from the credibility of their testimony about the essential facts of what happened. There is no basis under the facts and the law to suppress any of the evidence seized or the statements made.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [60] is **SUSTAINED, ADOPTED, and INCORPORATED** herein, and Defendant Darrell Fisher's Motion to Suppress evidence and statements [35] is **DENIED**.

As set out in the Order issued on November 8, 2019, although this case has been set for a possible change of plea on **November 18, 2019 at 1:00 p.m**., it also remains set for **jury trial** on **Monday, November 25, 2019 at 8:30 a.m.** in Courtroom 14 South. If for any reason the change of plea does not occur at the November 18 hearing, the Court will proceed to the **final pretrial hearing** at that time. The parties will be expected to discuss the length of the trial and any evidentiary or other issues that may arise during trial, and to make a record of any

plea offers that may have been made by the government and rejected by defendant as discussed in *Missouri v. Frye*, 566 U.S. 133, 145-47 (2012).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2019.